## *EDWARD ROBERTS v E. J. HAWLEY.

The plaintiff's tenant had been on his farm for several years under a lease providing that "all additions to stock on the farm by purchase or otherwise shall remain as security," &c.; and while there he became the owner of seven yearlings, which he sold to the defendant with a right to redeem. The plaintiff sent a check endorsed by himself, to his tenant to pay the defendant's claim; but by some arrangement between the tenant and defendant it was applied on an old debt due from the tenant to the defendant. When the yearlings became cows, the defendant, instead of enforcing his claim, rented them to the tenant. The plaintiff, after sending the check, supposing defendant's lien had been paid, purchased the tenant's interest. Afterwards the cattle were destroyed by fire. Before the fire, each (plaintiff and defendant) claimed to be the owner; but *after* it, each, that the other was. *Held,* that the check paid the defendant's claim; that the plaintiff could not recover for it thus misapplied; that the cattle belonged to the plaintiff; and that he could not recover for their keeping or use; but that he could for *other yearlings* taken by the defendant.

HEARD at the June Term, 1880, VEAZEY, J., presiding, on the report of a referee. The court ruled, *pro forma*, that the defendant was entitled to recover $36.19. The action was assumpsit, with no pleas filed in the case. The plaintiff had rented his farm and personal property on it to a tenant with the following condition in the lease :

" The right to use grain, hay, potatoes, &c., is conceded to the party of the second part, and also to change or swap horses and cattle, &c., with the consent of the party of the first part; but the full value of all the personal property as a whole shall be kept more than good, and all additions to stock on the farm by purchase or otherwise shall remain as security to party of the first part, and shall not be sold off without his consent."

While on the farm the tenant became the owner of some yearlings which he sold to the defendant, with the right to redeem them by paying the defendant $20 a head. The plaintiff lived in New York ; the farm is in Manchester, this State. Before the time had expired for redeeming the stock, the tenant wrote the plaintiff, requesting him to send to the defendant $140, for the yearlings, and take a bill of sale of them from him (defendant) to the plaintiff. The plaintiff was a member of the firm of Rob-

* Heard at the February Term, 1881.

erts, Cushman & Company ; and on receiving the letter, sent the tenant the following check :

"ROBERTS, CUSHMAN & CO., No. 5062.
New York, Sept. 18, 1873.

The American Exchange National Bank of the city of New York, pay to the order of E. J. Hawley, Esq., one hundred and forty dollars.
ROBERTS, CUSHMAN & CO."

This was endorsed by the plaintiff.

There had been dealings between the defendant and the tenant ; and the defendant induced the tenant to deliver the check to him to be applied on some other indebtedness due from the tenant to the defendant ; and it was so delivered and applied. As to this the referee reported as follows :

He told him it was to redeem the yearlings. Hawley asked him whose money it was. He said " It is mine to redeem the yearlings." He then, at Hawley's request, endorsed the check, and Mr. Hawley took it. Richard then asked Mr. Hawley for a bill of sale of the yearlings. Hawley said " Come down and we will fix it up."

In a few days after this, Richard went to defendant's, and defendant there urged him to let him apply the $140 on debts which Richard was then owing to defendant and his brother and to defendant's father, and to let defendant's lien remain as it was upon the cattle ; this was finally agreed to between the defendant and Richard ; and the money was so applied.

The plaintiff supposed that the check had been applied to redeem the yearlings, and did not know to the contrary till after the fire.

After the check was sent the tenant sold all of his interest in the yearlings to the plaintiff. The barn on the premises, with this stock, except one which had been sold, was burned on the 7th day of April, 1877. There was a change of tenants on the 1st day of November, 1876 ; but the old tenant, Richard Roberts, continued to make his home on the farm until about the first of April, 1877.

The referee also reported, among other things, as follows :

Until the cattle were burned, plaintiff and defendant each regarded himself the owner of the cattle.

The defendant had no knowledge of the sale or bill of sale from

Richard to the plaintiff dated October 30, 1873, until after the cattle were burned.

Six of the yearlings became cows in the spring of 1874, and Hawley hired them out to Richard the years 1874–5 and 1876. In 1875 he sold four of them to Mr. Hollister, and took them back in the fall. Richard had the income of them that year.

During all the time that Richard Roberts was on said farm he was in the habit of hiring cows of the defendant and others and having the same in his possession on said premises, keeping a cow through the year and returning a yearling for its use. Defendant received from said Richard Roberts, from time to time, while he was on said premises and renting said cows of defendant, four or five yearlings as the rent of said cows. All the cattle delivered to defendant by Richard Roberts during the time he occupied the premises were in return for the rent of said cows.

It did not appear that there was any agreement that the defendant should receive the offspring of his cows, or that he did in fact receive the offspring of his cows.

After the barn was burned six yearlings on said premises were taken by Christopher Roberts, the last tenant, to one Sherwin to be kept. A few days after the defendant took and drove them away. One of them was the offspring of a cow which Richard had leased of the defendant, and which was on the farm at the time Richard left it. One other was the offpring of one of the six yearlings which Richard sold to defendant in 1873, aforesaid.

At the time the plaintiff sent the check of $140, as hereinbefore stated, he charged it in account to Richard Roberts.

It was worth to keep the six cows from November 1, 1876, to April 7, 1877, over and above their use,      $90.00

Interest on the same from April 7, 1877, to June 7, 1880,   17.10

The six yearlings taken from Sherwin's by the defendant after the fire as hereinbefore stated were worth at the time they were taken, ten dollars per head,     60.00

Interest from April 15, 1877, to June 7, 1880,     11.32

At the time the plaintiff leased the farm and stock to Christopher Roberts on the 1st of November, 1876, he leased a cow that belonged to the defendant which Christopher afterwards sold—she was worth at the time,     30.00

  •    •    •    •    •

The use of the six cows in 1874, 1875 and 1876, was worth sixty dollars per year,     180.00

Interest,     45.21

This cow was one of the cattle included in the sale from

3

Richard to plaintiff on the 1st of November, 1876, and plaintiff supposed it was a cow that belonged on the farm.

If from the foregoing facts the court should be of the opinion that the plaintiff is entitled to recover for the amount of the check of $140, then I find that he should recover interest thereon from October 1, 1873,    $56,16

If the court should be of opinion that in addition to the check the plaintiff is entitled to recover for the keeping of the six cows from November 1, 1876, to April 7, 1877, and the interest thereon, there should be added the sum of    107.10

And if in addition to the above for the six yearlings taken from Sherwin's in 1877, with interest, then there should be further added the sum of    71.32

.        .        .        .        .        .        .

From whatever sum the plaintiff recovers there should be deducted the sum of $36.19, for the cow belonging to the defendant, sold by Christopher, and interest.

If from the foregoing facts the court should be of opinion that the plaintiff is not entitled to recover for any of the sums named, then I find for the defendant to recover the sum of $36.19 above stated, and its costs."

*Miner & Fenn*, for plaintiff.

*Burton & Munson*, for defendant.

The opinion of the court was delivered by

ROYCE, J.    It appears by the lease, dated August 21st, 1873, which is referred to, that the seven yearlings in controversy were included with the other personal property then on the farm owned by the plaintiff, that was then leased by the plaintiff to Richard Roberts.    Richard was to have the use of the farm and personal property for his own benefit, upon the terms stipulated in the lease, during its continuance.    The expense of keeping them would have to be borne by Richard, and whatever profit might result from keeping them would belong to him.    The plaintiff had no such interest in them as would give him the right to charge the defendant for their keeping or use.

Before the expiration of the time within which Richard, under

Roberts v. Hawley.

his contract with the defendant, had the right to redeem the year-lings, Richard sold all his interest in them to the plaintiff.

The payment to Hawley by the check was a payment of his claim, for the security of which he held a lien upon the yearlings, and the plaintiff's property in them thus became absolute, and not subject to be divested by any arrangement between Richard and the defendant.

The report does not find expressly that the six yearlings that were on the place at the time the barn was burned, and which were taken to Sherwin's to be kept, and were subsequently taken and driven away by the defendant were the property of the plaintiff, and on the place at the time Christopher Roberts took possession under the verbal lease on the 1st of November, 1876. But from what is found, it is fairly inferrible that such was the fact. But without any such affirmative finding, the plaintiff's possession is sufficient title to enable him to maintain this action against the defendant.

The judgment is reversed, and judgment rendered on the report for plaintiff to recover the sum of $60, being the value of the six yearlings taken by the defendant, with interest thereon from the 15th of April, 1877, less the sum of $30, being the value of the cow which the plaintiff appropriated to his own use, and interest thereon since the first day of November, 1876.